. [Civ. No. 16462. First Dist., Div. One. Oct. 28, 1955.]

Estate of SARA MAUD KINGDON, Deceased. ERNEST KINGDON et al., Appellants, v. ESTATE OF SARA MAUD KINGDON et al., Respondents.

Edward J. Bloom and Dorothy E. Handy for Appellants.

Boekel, Moran & Morris for Respondents.

BRAY, J.—Two proceedings brought by appellants were consolidated for trial on stipulated facts and additional documentary evidence. One was an action against the estate of Sara Maud Kingdon and Berry D. Brown, as executor thereof. The other was objections filed in that estate to the first and final accounting of the executor. From the judgment in the first proceeding in favor of respondents, and from the order in the second proceeding overruling objections to the said account, appellants appeal.

### QUESTION PRESENTED

In view of the confusion between statements made in appellants' brief and the issue raised by the pleadings and considered by the trial court, it is difficult to determine the exact contention of appellants. As nearly as we can judge,

it is (other than the fact that appellants want the Sara Kingdon estate to pay them a total sum of $13,760.78): Where there was a partnership of husband and wife, is the estate of the surviving partner (the wife) entitled to apply in payment of federal excess profits taxes joint income tax and surtax credits of the partners, or is the estate required to pay to the other partner's estate one-half of that credit?*

## FACTS

The United Service Company, owned by Frank and Sara, became indebted to the United States Maritime Administration in the sum of $35,889.50 for excess profits taxes for 1944 and 1945. The administration's invoice charged the company with the total tax liability. In its credit memoranda it named the company as debtor but in showing the charges and debits it showed one-half the charge as against Frank and one-half as against Sara. Likewise a total credit of $27,521.56 for income tax and surtax overpaid was shown as one-half ($13,760.78) in favor of Frank and a similar sum in favor of Sara. However, it is clear from the record that both the charge and the credit were jointly in Sara and Frank as owners of the company.† Frank died. The probate of his estate was commenced August 31, 1947. No reference was made in the probate of his estate to this tax liability or credit. The court in that estate ordered the executors (Sara was one) to continue the operation of the company and found that it was the partnership of Sara and Frank. In February, 1948, the partnership business was sold for $10,000, one-half of which the court ordered paid to Sara as her share of the partnership. In the decree of distribution (March 11, 1949) the court found that the company had been operated at a net loss of $6,043.01; that Sara as partner was entitled to

---

*Appellants will probably dispute this statement of the question on two grounds: (1) They vacillate between claiming that the United Service Company, the business subject to the tax, may have been a partnership or may have been the separate property of the husband. However, it is clear that the business was the partnership of Frank and Sara Kingdon. In the estate of Frank Kingdon it was mentioned as such and the court so found in an order confirming sale of certain personal property and in the decree of distribution. The court so found in this proceeding. (2) Appellants contend that the tax credit was not a joint, but a several one. This will be discussed later.

†See *United States* v. *Sarkozy*, 99 F.Supp. 736, for holding that a partnership tax liability and tax credit of the type here, are both joint as to the partners, and that the tax credit up to an amount equal to the tax liability can only be used as an offset and cannot be withdrawn in whole or in part.

half of its remaining assets; that Sara was willing to absorb from her private resources the losses of the business; that she waived all moneys due her for family allowance. In Frank's will appellants Ernest Kingdon, Frank Kingdon and Betty Oughtred were bequeathed $10,000 each. The decree found that the total remaining asset of the estate was a sum which could pay each legatee only $4,402.58 and such sum was distributed to each. Sara died in December, 1949. Respondent executor in 1952 petitioned the court in her estate to permit him to compromise and pay the government's tax claim. The petition set forth the government's claim of $35,889.50, the credits of $27,521.56, and asked permission to pay the difference, $8,367.94, from the moneys in Sara's estate. The court approved the petition and the executor settled the government's claim accordingly.

### PLEADINGS

The complaint charges that Brown as executor of Sara's estate received from the United States a credit of $13,760.78 tax refund that belonged to Frank's estate and asked that the said sum be paid to plaintiffs because they had not received their full legacies under Frank's will. Also, in Sara's estate they filed objections to the final account. These objections referred to the last mentioned complaint and stated that the executor had received the above mentioned sum belonging to Frank's estate and asked that the final account in Sara's estate be not approved until the complaint was heard on its merits.

### OFFSET

Thus, the sole question to be considered by both the trial court and the probate court was whether the executor of Sara's estate as part of the winding up of the partnership business was entitled to offset Frank's tax credit against the partnership tax debt. To ask the question is practically to answer it. The partnership owed the government $35,889.50. Each of the partners was liable jointly for this amount. The husband and wife made joint tax returns, and the tax credit was a joint one. Neither partner could have collected any portion of the credit without first paying the liability. In the administration of Frank's estate no claim was made that the tax credit was an asset of the estate. Moreover, in the decree of distribution in that estate, the court found that the business had been operated by the executors at a loss, which loss of $6,043.01 Sara had assumed personally. Had the tax

credit been considered as an asset of the estate separate and apart from its being an offset on the tax liability, the court would not have found a loss to have existed.

Appellants cite cases holding that a tax credit is an asset of the person so credited. There can be no question but that it is such asset. However, the asset here was of a type which required that it either be used in offset of the liability or that the liability be paid before the credit could be received in cash.

Appellants stress the fact that in the settlement agreement with the government the executor of Sara's estate agrees that he as such executor will pay the government the $35,889.50 "less the tax credit, if any, applicable . . ." They contend that because no mention was made in so many words that Frank's share of the tax credit was to be used, the executor was agreeing to use only Sara's share. This overlooks, first, that the agreement was made by the executor as the representative of the estate of the surviving partner in closing up the affairs of the partnership as it was his duty to do. (See Corp. Code, § 15037.) Secondly, the agreement itself recites the incurring of the tax liability by Frank and Sara as partners, and that the payment of said sum less the tax credit would release the estates of both Frank and Sara from said tax obligation. It was unnecessary to state in such agreement expressly that Frank's share in the tax credits was being used. It was implied in the statement that the tax liability would be paid less the tax credits. Both of the parties to the agreement so understood it, and it was made pursuant to court order in Sara's estate which expressly showed that the entire tax credit was to be offset. Actually, Sara's estate paid the balance of $8,367.94 out of its funds. (There were no assets of the partnership left.) Of this sum Frank's estate, were it in existence, would have been liable for one-half.

As pointed out hereinbefore, appellants are asking for a specific sum which they claim belongs to Frank's estate and which they claim the executor of Sara's estate has failed to account for. The evidence supports the court's findings that Sara's estate did not receive "from the United States a credit for a $13,760.78 tax refund that in fact belonged to the estate of said Frank W. Kingdon, deceased; but in fact said estate of Frank W. Kingdon, deceased, received the full benefit of said tax credit in the amount of $13,760.78

upon the joint liability of said estate and of said estate to Sara Maud Kingdon, deceased, in the amount of $35,889.50 due the United States of America for excess profits under applicable United States statutes for renegotiation of excess profits upon war contract work; said tax credit having been allowed and the benefit thereof having been received by said estate of Frank W. Kingdon, deceased, under the applicable provisions of Internal Revenue Code, section 3806. Said tax credit was not obtainable by or available to said estate of Frank W. Kingdon, deceased, except in the sense and to the extent it was available by the provisions of Internal Revenue Code, section 3806, as a credit upon said joint liability of said estate for repayment of said excess profits to the United States of America.''

We have not discussed appellants' reference to the properties held by Frank and Sara in joint tenancy and which, were treated in both estates as such, as we fail to see any relevancy of such properties to the issue here.

The judgment and the order are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied November 25, 1955, and appellants' petition for a hearing by the Supreme Court was denied December 21, 1955.